THE STATE OF TEXAS EX REL. v. B. M. BURKS ET AL.

No. 3547.

**Disqualification of District Judge.**—A law firm was consulted by and acted for the citizens in obtaining and executing an order for an election for purpose of incorporating under the general incorporation law. The town was incorporated. One member of the law firm became the district judge. An attack by quo warranto proceedings was made upon the legality of the incorporation. The district judge made the order permitting the petition to be filed, but entered his disqualification before trial. A special judge was elected, who dismissed the proceedings upon the ground that the order nisi was a judicial act which the judge granting it could not make. On appeal, *held:*

1. The judge of the district was disqualified by reason of his service in conducting the election.

2. The order granting leave to file the petition was a judicial act, and the judge being disqualified to try the case, could not make the order.

3. The dismissal of the proceedings was not error.

APPEAL from Runnels. Tried below before Hon. JOHN E. BELL.
The opinion states the case.

*C. O. Harris* and *C. F. Dickinson,* for appellant.— 1. Before a judge is disqualified to hear and determine a cause pending in his court, because of having been of counsel therein, it must appear, (1) that said court has been of counsel in the particular suit pending before him; or (2) that the subject matter of the suit was a matter in dispute at the time the judge was engaged therein as counsel; (3) and that said judge was employed as an attorney in said matter then in dispute, and as such attorney gave advice or counsel in said disputed matter. Clark v. Taylor County, 3 Ct. App. C. C., sec. 201; Taylor v Williams, 26 Texas, 583; King v. Sapp, 66 Texas, 519; Slaven v. Wheeler, 58 Texas, 23.

2. When a district judge grants leave to file an information in nature of a quo warranto, such granting leave is in the nature of a ministerial act, and is not a "sitting in a cause" or trying a cause, and in no

way affects said cause upon its merits; and while a judge might be legally disqualified to try a cause, yet such disqualification would not extend so far as to nullify an incidental order, such as granting leave to file an information.   Cock v. The State, 8 Texas Ct. App., 666; Garrett v. Gaines, 6 Texas, 435, 447; 63 Texas, 304; 66 Texas, 13; 68 Texas, 646.

No brief for appellees reached the Reporter.

HENRY, ASSOCIATE JUSTICE.—This was an information in the nature of a quo warranto to dissolve the corporation of the city of Ballinger. The information was presented to and ordered to be filed by the judge of the District Court of the district in which the county of Runnels was situated. When the cause was reached for hearing, said judge held himself disqualified to sit, because he had been of counsel in the case. The parties then agreed upon a judge, who dismissed the cause because the disqualification of the regular judge existed at the time when he ordered the information to be filed.

The ground of objection to the corporation was, that in the act of incorporation it was attempted to include territory beyond the limits of the city proper.

It is shown by a bill of exceptions, that in the proceedings leading to a vote by the people upon the question of incorporation the law firm of which the regular judge was then a member was consulted by and acted for the citizens who were instrumental in giving shape to the proceedings to "see that all necessary orders and papers were gotten up and presented in legal form, and to see that Ballinger was legally incorporated;" that the partner of the judge wrote the petition for an election addressed to the county judge; that the judge himself prepared the field notes showing the boundaries that were subsequently adopted, and also the order of the county judge for the election, as well as the one declaring the result; that he prepared the order for the election of officers, and gave instructions to the clerk about entering the order in the record. The judge received no compensation, and gave no opinion "as to whether or not it would be legal or illegal to take in so much territory."

It fairly appears that in all of the proceedings had in regard to creating the corporation the advice of the firm of lawyers of which the judge was then a member was sought and followed. It is not claimed that the judge did anything or had any connection with the matter as a lawyer after this suit was begun or contemplated.

The questions presented for our decision are, whether the judge was disqualified under the constitution, and whether such disqualification embraces his authority to make the order to file the information as well as to preside at the trial of the cause.

The language of the quo warranto is, that the Attorney-General or district or county attorney "may present a petition to the District Court of the proper county or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto, in the name of the State of Texas; and if such court or judge shall be satisfied that there is probable ground for the proceeding, the court or judge may grant the petition and order the information to be filed and process to issue." The order is clearly an exercise of the judicial discretion of the judge whether he acts in vacation or in open court, and the petition can not be filed nor the suit be maintained unless such order has been made.

No distinction can be recognized between the authority of a disqualified judge to make such an order and to preside at the trial of the cause. We are of the opinion that the regular judge properly held himself disqualified, and that the selected judge did not err in ordering the dismissal of the cause. Slaven v. Wheeler, 58 Texas, 23.

The judgment is affirmed.

*Affirmed.*

Delivered December 18, 1891.