**In re Lisa Black O'CONNOR, Relator.**

No. 01–0968.

Supreme Court of Texas.

June 27, 2002.

---

**56.** 31 S.W.3d at 637.

**57.** See Public Util. Comm'n, 53 S.W.3d at 315; Sexton, 720 S.W.2d at 137–38.

Robert A. Swearingen, Lanny D. Ray, West Webb Allbritton Gentry & Rife, College Station, for Relator.

D. Michael Holt, Horlen Holt & Hollas, College Station, for Respondent.

PER CURIAM.

In this mandamus proceeding, Lisa Black O'Connor seeks to disqualify the trial judge from presiding over her suit for modification of the parent-child relationship. O'Connor filed her motion to disqualify under Texas Rule of Civil Procedure 18b(1)(a) after discovering that the trial judge had been her former attorney's law partner during the time that her for-mer attorney represented her in the initial divorce action. O'Connor argues that, under these circumstances, the trial judge was required to disqualify himself because the divorce action and the modification proceeding involved the same matter in controversy. We agree with O'Connor and conditionally grant the writ.

Robert O'Brian filed a divorce action against O'Connor in 1995. O'Connor initially hired Kyle Hawthorne to represent her. Hawthorne represented O'Connor when Judge Steve Smith, presiding in Brazos County Court at Law Number 1, entered temporary orders appointing her as possessory conservator and O'Brian as sole managing conservator of their child. O'Connor's attorney-client relationship with Hawthorne then ended.

O'Connor hired new counsel who represented her when Judge Smith rendered an agreed divorce decree. The divorce decree designated both parties as joint managing conservators of their child. It gave O'Connor possession of the child under a modified standard possession order; it also gave O'Brian the exclusive right to determine the child's primary residence and domicile as long as O'Brian lived in Harris County.

On August 2, 2000, O'Connor filed a petition to modify the parent-child relationship in the same court where O'Brian had filed the divorce action. O'Connor requested, among other things, that the trial court appoint her as the child's joint managing conservator with the exclusive right to determine the child's residence. She also requested that the trial court award her standard periods of possession.

By this time, Randy Michel had become judge of the Brazos County Court at Law Number 1, and he presided over the modification proceeding. A jury trial was held on whether the divorce decree's provision

giving O'Brian the exclusive right to determine the child's primary residence should be modified. The jury found that the provision should not be modified. The other modification issues were tried to the court, and Judge Michel indicated his intent to enter a standard possession order.

Before Judge Michel entered a modification order, O'Connor again hired new counsel, this time to represent her in the post-trial and appellate phases of the litigation. Her new counsel discovered that Judge Michel had been Hawthorne's law partner when Hawthorne represented O'Connor in the divorce action. O'Connor accordingly filed a motion to disqualify Judge Michel under rule 18b(1)(a). Although it is unclear when O'Connor discovered that Judge Michel had been Hawthorne's law partner, O'Connor did not file the motion to disqualify until after Judge Michel had entered a modification order in the suit affecting the parent-child relationship.

Judge Michel declined to disqualify himself. He forwarded the disqualification motion to the Presiding Judge of the Second Administrative Judicial Region, who denied it. O'Connor then sought to mandamus Judge Michel's disqualification, but the court of appeals denied relief. 78 S.W.3d 458. O'Connor next requested mandamus relief from this Court. We stayed the hearing set before Judge Michel on O'Connor's motion for new trial.

■ O'Connor argues that Judge Michel is disqualified from presiding over her modification petition under rule 18b(1)(a), which provides:

Judges shall disqualify themselves in all proceedings in which:

(a) they have served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter.

Tex.R. Civ. P. 18b(1)(a). O'Connor asserts that Hawthorne and Judge Michel were law partners when Hawthorne represented her in the divorce action. She further contends that, although there are different issues and standards in the divorce and modification proceedings, both suits involve possession of the parties' child. O'Connor therefore asserts that both suits involve the same "matter in controversy" for purposes of rule 18b(1)(a).

In response, O'Brian asserts that this Court has held that divorce and modification proceedings are distinct statutory schemes involving different issues. *See In re V.L.K.*, 24 S.W.3d 338, 343 (Tex.2000). Thus, O'Brian argues that rule 18b(1)(a) does not apply here, because it applies only when the issues in the two lawsuits are identical. According to O'Brian, rule 18b(1)(a) applies to prevent a lawyer whose law firm represents a party in a specific lawsuit from presiding over that lawsuit in the event the lawyer becomes a judge.

■ The Texas Constitution article V, section 11 sets forth the grounds for judicial disqualification. It provides, in relevant part, that "[n]o judge shall sit in any case ... when the judge shall have been counsel in the case." Tex. Const. art. V, § 11. Before a judge is disqualified on this ground, "it is necessary that the judge acted as counsel for some of the parties in [the] suit before him in some proceeding in which the issues were the same as in the case before him." *Lade v. Keller*, 615 S.W.2d 916, 920 (Tex.Civ.App.-Tyler 1981, no writ) (citing *City of Austin v. Cahill*, 99 Tex. 172, 89 S.W. 552 (1905)).

Rule 18b(1)(a) incorporates this language, and also provides that a judge is disqualified if "a lawyer with whom [the judge] previously practiced law served during such association as a lawyer con-

cerning the matter." Tex.R. Civ. P. 18b(1)(a). Rule 18b(1)(a) accordingly recognizes that a judge is vicariously disqualified under the Constitution as having "been counsel in the case" if a lawyer with whom the judge previously practiced law served as counsel to a party concerning the matter during their association. *Id.;* *see* Tex. Const. art. V, § 11; 7 William V. Dorsaneo, III, Texas Litigation Guide § 110A.01[3] (2001); William Wayne Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges,* 17 St. Mary's L.J. 599, 613 (1986). This conclusion is consistent with our holding in *National Medical Enterprises, Inc. v. Godbey,* that "[an] attorney's knowledge is imputed by law to every other attorney in the firm." 924 S.W.2d 123, 131 (Tex.1996).

Furthermore, contrary to O'Brian's argument, rule 18b(1)(a) is not limited to preventing a lawyer whose law firm represented a party in a specific lawsuit from presiding over that same lawsuit when the lawyer becomes a judge. By its own terms, rule 18b(1)(a) is not limited to disqualifying a trial judge only when the "same lawsuit" is involved. Rather, in plain language, rule 18b(1)(a) requires disqualification when the same "matter in controversy" is involved. Tex.R. Civ. P. 18b(1)(a); *see In re The Dallas Morning News, Inc.,* 10 S.W.3d 298, 301 (Tex.1999) (Abbott, J., concurring). Thus, the issue here is whether the divorce and modification proceedings involved the "same matter in controversy."

In the divorce action, Hawthorne represented O'Connor in obtaining temporary orders that appointed her as possessory conservator of the parties' child. By those orders, O'Connor obtained the right to see her child through scheduled visitation periods. *See* Tex. Fam.Code § 153.192. The temporary orders also appointed O'Brian as managing conservator, giving him primary custody and the exclusive right to determine the child's residence. *See* Tex. Fam.Code § 153.132. Thus, the temporary orders resolved matters concerning custody, visitation, and the right to determine the child's residence. O'Connor's modification proceeding raised these matters again, because O'Connor sought to increase her possession periods and to have the exclusive right to determine the child's residence.

We accordingly conclude that the divorce action and the modification proceeding involved the same matter in controversy—custody, visitation, and the right to determine the child's residence. And because the parties do not dispute that Hawthorne was Judge Michel's law partner when Hawthorne represented O'Connor in the divorce action, we conclude that Judge Michel is disqualified from presiding over the modification proceeding. *See* Tex.R. Civ. P. 18b(1)(a). Any orders or judgments Judge Michel rendered in the modification proceeding are "void and without effect." *See In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 (Tex.1998).

Contrary to O'Brian's assertion, our decision in *V.L.K.* does not require a different result. *V.L.K.,* 24 S.W.3d at 343. In *V.L.K.,* we noted that Family Code chapter 153, governing original child-custody determinations, and Family Code chapter 156, governing modification proceedings, "are distinct statutory schemes that involve different issues." *Id.* But *V.L.K.* did not concern judicial disqualification or rule 18b(1)(a).

Instead, in *V.L.K.,* we held the presumption that a child's best interest is served by awarding custody to the parent in original custody proceedings does not apply in modification proceedings brought under chapter 156. *Id.* at 339–40. We recognized that the Legislature imposed different standards and burdens of proof in original custody and modification proceed-

ings. *Id.* at 343. We also noted that modification proceedings raise additional policy concerns such as stability for the child and the need to prevent constant litigation in child custody cases. *Id.*

But our holding in *V.L.K.* does not suggest that a divorce action and a modification proceeding cannot involve the same matter in controversy for purposes of disqualification. As this case demonstrates, the two proceedings can, and often will, involve the same matter in controversy. When they do, the trial judge is disqualified from presiding over the modification proceeding if a lawyer with whom the judge previously practiced law served during that association as a lawyer in the divorce action. *See* Tex.R. Civ. P. 18b(1)(a). In these circumstances, mandamus is available to compel the trial judge's disqualification without a showing that the relator lacks an adequate remedy by appeal. *Union Pac. Res. Co.*, 969 S.W.2d at 428.

Accordingly, we conditionally grant mandamus relief compelling Judge Michel's disqualification. The writ will not issue unless he does not comply with this opinion. Our previous stay order is lifted.