

NUMBER 13-12-00440-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE WILFRIDO GARCIA

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion Per Curiam[1]

On July 13, 2012, relator Wilfrido Garcia filed a petition for writ of mandamus and motion for emergency stay in the above cause seeking relief from an order disqualifying the judge of the trial court. The Court granted the motion for emergency stay and requested a response from the real parties in interest. By motion, Michael Flanagan, Sean Callagy, and Eloy Sepulveda, in their capacity as receivers, requested and received permission to join in the petition for writ of mandamus. *See* TEX. R. APP. P.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

9.7, 10.1(a).  Real parties in interest, Douglas A. Allison, Law Offices of Douglas A. Allison, and Maria de Jesus Garcia, filed a response to the petition for writ of mandamus.  As stated herein, we deny the petition for writ of mandamus.

## I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).  The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one.  *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).  In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review.  *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.  *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  A trial court has no discretion in determining what the law is.  *In re Tex. Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 643 (Tex. 2009) (orig. proceeding); *see Walker*, 827 S.W.2d at 840.  A trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion.  *In re United Scaffolding*,

2

*Inc.*, 301 S.W.3d 661, 663 (Tex. 2010) (orig. proceeding). Even under the abuse of discretion standard, we do not defer to the trial court on questions of law. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). In this regard, the construction of statutes and procedural rules are questions of law, which we review de novo*. See In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007); *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). Similarly, we apply a de novo standard of review to the interpretation of our state constitution. *See Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 554 n. 15 (Tex. 2006); *Ross v. Union Carbide Corp.*, 296 S.W.3d 206, 211 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 839–40. In other words, we give deference to a trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## II. DISQUALIFICATION

In the instant case, the order of disqualification was issued under Texas Rule of Civil Procedure 18b(a)(1), providing that a judge must disqualify in any proceeding in which the judge has served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, and under 18b(a)(2), providing that a judge must disqualify when

3

the judge knows that, individually or as a fiduciary, the judge has an interest in the subject matter in controversy. *See* TEX. R. CIV. P. 18b(a).

The Texas Constitution article V, section 11 sets forth the grounds for judicial disqualification. It provides, in relevant part, that "no judge shall sit in any case . . . when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11; *see In re O'Connor*, 92 S.W.3d 446, 449 (Tex. 2002) (orig. proceeding). Rule 18b(1)(a) incorporates this language, and also provides that a judge is disqualified if "a lawyer with whom [the judge] previously practiced law served during such association as a lawyer concerning the matter." TEX. R. CIV. P. 18b(1)(a). Rule 18b(1)(a) recognizes that a judge is vicariously disqualified under the Constitution as having "been counsel in the case" if a lawyer with whom the judge previously practiced law served as counsel to a party concerning the matter during their association. *Id.*; *see* TEX. CONST. art. V, § 11; 7; *Tesco Am., Inc.*, 221 S.W.3d at 553; *In re O'Connor*, 92 S.W.3d at 449. This conclusion is consistent with the law stating that an attorney's knowledge is imputed by law to every other attorney in the firm. *In re O'Connor*, 92 S.W.3d at 449 (citing *Nat'l Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 131 (Tex. 1996)). Accordingly, if the record shows a judge or his prior law firm represented a party in the same matter in controversy, the judge is disqualified, even if he did not personally participate in the representation. *In re Wilhite*, 298 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding [mand. denied]) (citing *State ex rel. Routh v. Burks*, 82 Tex. 584, 585, 18 S.W. 662, 662 (1891)); *see also In re D.C.*, No. 07-09-00320-CV, 2010 Tex. App. LEXIS 7825, at *4 (Tex. App.—Amarillo Sept. 23, 2010, no pet.) (mem. op.)

4

(disqualifying trial judge in parental termination hearing on grounds that member of judge's former law firm represented mother in divorce).

Under the former rules of civil procedure, orders granting motions for disqualification were not subject to review by appeal or mandamus. *See* TEX. R. CIV. P. 18a(f) (1980, amended August 1, 2011, now found at 18a(j)). The current rules of procedure do not provide a governing standard of review for orders regarding disqualification. *Compare* TEX. R. CIV. P. 18a(j)(1)(A) (applying an abuse of discretion standard to orders denying motions to recuse) *with id.* R. 18a(j)(1)(B) (denying review of an order granting motions to recuse), *and id.* R. 18a(j)(2) (allowing review of an order granting or denying a motion to disqualify by mandamus or appeal "in accordance with other law"). Accordingly, we apply the foregoing well-established standard of review to this original proceeding.

### III. ANALYSIS

In the instant case, the record before this Court contains disputed issues of material fact. Specifically, the record includes testimony that the trial judge's former law firm "never materialized in any meaningful way beyond a certificate of formation," and the firm was "never an operational law firm to the extent that [real party] has asserted in its motion to disqualify;" however, the record also includes documentary evidence contradicting this assertion. First, appellate courts may not "deal with disputed areas of fact in a mandamus proceeding." *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding) (quoting *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990)); *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978); *see also In re Pirelli Tire*, L.L.C., 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding) (Johnson, J., dissenting).

5

Second, relator has neither shown that the assigned judge abused his discretion by reaching a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or that he clearly failed to correctly analyze or apply the law, *see In re Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walker*, 827 S.W.2d at 839, nor that the trial court could reasonably have reached only one decision and the trial court's decision is arbitrary and unreasonable with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See In re Sanders*, 153 S.W.3d at 56; *Walker*, 827 S.W.2d at 839–40.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus filed by relator and joined by the receivers, and the response thereto, is of the opinion that relator has not shown himself entitled to the relief sought. Accordingly, the stay previously imposed by this Court is LIFTED. *See* TEX. R. APP. P. 52.10(b). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).

PER CURIAM

Delivered and filed the
31st day of August, 2012.

6