

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00267-CV

EX PARTE CHARLES BRICE CHAPMAN, RELATOR

ORIGINAL PROCEEDING

August 14, 2023

## MEMORANDUM OPINION

### Before PARKER and DOSS and YARBROUGH, JJ.

In response to a court order finding him in contempt for failure to pay child support, Relator Charles Brice Chapman petitions this Court for a writ of habeas corpus. Charles's petition is denied.

By order dated July 7, 2023, the Honorable Ed Self, sitting by assignment in the 364th District Court of Lubbock County, entered an order of enforcement by contempt that found that Charles had violated the court's orders by failing to pay child support on sixteen separate occasions from March of 2022 through June of 2023; $4,842 in child support arrearages for which he had been previously held in contempt in September of 2021; and court-ordered attorney's fees to the attorney for real party in interest, Christina

Chapman.  Based on these violations of the court's order, the trial court sentenced Charles to 180 days' incarceration for criminal contempt but suspended the sentence after ninety days.  The court provided that, after the criminal contempt term expired, Charles was sentenced to eighteen months' incarceration for civil contempt.  In response, Charles filed the instant original proceeding seeking issuance of a writ of habeas corpus.

By his petition, Charles contends that a presiding judge[1] had previously been counsel for Christina in a prior divorce action involving the same parties but that did not result in a final judgment.  As such, Charles contends that the presiding judge is absolutely disqualified from sitting in this case and, therefore, all proceedings in this case are void.

"[O]ne initiating an original proceeding with us for a writ of habeas corpus must comply with Texas Rule of Appellate Procedure 52."  *In re Madrid*, No. 07-14-00430-CR, 2015 Tex. App. LEXIS 44, at *3 (Tex. App.—Amarillo Jan. 6, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).  Charles's petition fails to comply with these requirements.  The appendix to a habeas petition must include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ."  TEX. R. APP. P. 52.3(k)(1)(A).  Charles's appendix does not include a certified or sworn copy of the complained-of order of commitment.  Charles also failed to include a certified or sworn copy of the underlying divorce decree in the appendix to his petition.

Further, Charles is required to provide clear and concise argument for his entitlement to relief, with appropriate citations to authorities and the appendix or record.  TEX. R. APP. P. 52.3(h).  Charles cites authority for the proposition that a judge is

_____

[1] Charles does not specify which judge he claims is disqualified.

2

disqualified when that judge or his law firm was the attorney for a party in a case and the matter before the judge is the same matter for which the judge represented the party. *See In re O'Connor*, 92 S.W.3d 446, 448 (Tex. 2002) (orig. proceeding) (per curiam). However, Charles fails to cite to any evidence in the appendix or the record to establish that any judge involved in the present case is disqualified under this standard. Charles indicates that facts supporting disqualification of a judge arose during argument on Christina's motion to enforce, but Charles does not cite to this evidence. Rather, he states that "Relator is ordering the reporter's record from this hearing." To date, no reporter's record has been filed. Consequently, Charles has not satisfied his burden to provide a sufficient record on which relief may be granted. *In re Ward*, No. 07-23-00220-CR, 2023 Tex. App. LEXIS 5150, at *3 (Tex. App.—Amarillo July 6, 2023, orig. proceeding) (mem. op., not designated for publication).

Because Charles has not complied with the requirements of Rule 52.3, we deny his petition.

Judy C. Parker
Justice