NO. 07-09-00320-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
23, 2010

 



 

IN THE INTEREST OF D.C., JR., A CHILD



 



 

 FROM THE 72ND DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2002-517,897; HONORABLE RUBEN GONZALES REYES, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

This is a private termination
proceeding, in which the parental rights of the father of D.C., Jr. were
terminated on the petition of the child’s mother.  Appearing pro se, the father appeals.  Making the claim for the first time,[1]
he contends on appeal the trial judge who heard the termination proceeding was
disqualified.  We agree, and will reverse
the trial court’s judgment.

Background

            D.C.,
Jr. was born to appellant and the child’s mother in November 2001.  The couple divorced in December 2002, in
cause number 2002-517,897 in the 72nd District Court, Lubbock
County.  In April 2009, the mother filed
an original petition to terminate appellant’s rights to D.C., Jr.[2]  The case was tried
to the bench in August 2009 before the Honorable Ruben G. Reyes, presiding
judge of the 72nd District Court.  


            The
clerk’s record before us contains the decree from the parties’ divorce, signed
by an assigned judge on December 16, 2002. 
The decree recites that the mother was represented by attorney Natalio Hernandez.[3]  The decree contains attorney Hernandez’s
signature, approving the decree’s form as attorney for the mother.  By his address, attorney Hernandez is shown
as practicing with the Lubbock law firm of Hurley, Reyes & Guinn.  The statement of facts in appellant’s
appellate brief contains the statement of appellant’s “understanding that judge Ruben Reyes was part of this law firm.”  The mother has not contradicted the statement,
and we accept it as true.[4]


            Appellant
was incarcerated in the Institutional Division of the Texas Department of
Criminal Justice during the pendency of the termination proceeding, and at the
time it was tried.  He acted pro se at trial, appearing by telephone.  

In September 2009, after trial of the
termination proceeding, Judge Reyes signed the order terminating appellant’s
parental rights.  The order contains the
court’s findings that appellant failed to support D.C., Jr. in accordance with
his ability during a period of one year ending within six months of the date of
the filing of the petition; and knowingly engaged in criminal conduct that
resulted in his conviction of an offense and confinement or imprisonment and
inability to care for the child for not less than two years from the date the
petition was filed; and the court’s finding that termination of the
parent-child relationship was in the best interest of the child.[5]

Analysis

            In
his brief, appellant confuses recusal of a judge with disqualification. See In re Wilhite, 298 S.W.3d 754, 760 (Tex.App.—Houston
[1st Dist.] 2009) (orig. proceeding) (en banc) (distinguishing
the two).  But his argument, at least in
part, clearly presents the complaint that Judge Reyes was disqualified from
hearing the termination proceeding by virtue of the mother’s representation in
the 2002 divorce by a lawyer associated with the law firm of which Judge Reyes
also then was a part.  Appellant cites
and quotes from Rule 18b(1) of the Rules of Civil
Procedure.  That rule disqualifies judges
from proceedings in which they have served as a lawyer “in the
matter in controversy,” and disqualifies judges from those in which “a lawyer
with whom they previously practiced law served during such association as a
lawyer concerning the matter.”  Tex. R.
Civ. P. 18b(1)(a); see
Tex. Const. art. V, § 11 (stating “[n]o judge shall sit in
any case . . . when the judge shall have been counsel in the case”).

            We
agree with the mother’s contention that appellant did nothing to make Judge
Reyes aware of the potentially disqualifying circumstance.  See
Tex. R. Civ. P. 18a (providing for motion stating grounds why judge should not
sit in case).  But the law is clear that,
unlike statutory recusal, disqualification
cannot be waived, and may be raised at any time.  McElwee v. McElwee, 911 S.W.2d 182, 186 (Tex.
App.--Houston [1st Dist.] 1995) (orig. proceeding); see
Tesco Am., Inc. v. Strong Indus., 221 S.W.3d 550, 555 (Tex. 2006)
(appellate judge disqualified); Fry v.
Tucker, 146 Tex. 18, 202 S.W.2d 218, 221-22 (1947) (consanguinity
disqualification).  Appellant may raise the issue of the
trial judge’s disqualification for the first time on appeal.  

We note also that nothing suggests
Judge Reyes actually was aware of his associate’s former involvement in the
2002 divorce proceeding.  But the judge’s
actual knowledge of disqualifying events under Rule 18b(1)(a)
is irrelevant.  See Tesco Am.,  221 S.W.3d at 550; In re Wilhite,
298 S.W.3d 754

Under
the language of Rule 18b(1)(a), Judge Reyes is
disqualified from the termination proceeding if it involves the same “matter in
controversy” as the divorce in which attorney Hernandez represented the
mother.  See In re O’Connor, 92 S.W.3d 446, 449 (Tex. 2002) (orig.
proceeding) (per curiam).  We conclude that it does.

Like
this case, O’Connor involved Family
Code proceedings.  There, the Texas
Supreme Court granted mandamus relief requiring disqualification of a trial
court judge from presiding over a modification proceeding because his law
partner represented the wife when temporary orders were entered some years
before.  92 S.W.3d at
447.  Even though the terms the
wife sought to modify were those contained in a later agreed divorce decree,
not those contained in the temporary orders, the Supreme Court found that the
modification proceeding raised again the matters of custody, visitation and
right to determine the child’s residence that were resolved by the temporary
orders.  Accordingly, the court concluded
that the divorce action and the modification proceeding involved the same
matter in controversy, requiring the judge’s disqualification. Id. at 449.

Here,
in the part of the divorce decree dealing with the parent-child relationship,
the court named the mother as sole managing conservator and appellant as
possessory conservator.   The court found
that appellant had a history or pattern of committing family violence but found
that his access to the child would not endanger the child’s physical health or
emotional welfare and would be in the best interest of the child.  It ordered supervised visitation rights for
appellant, ordered appellant to pay child support and enjoined appellant from
injurious or threatening actions toward the mother.  

As
noted, the termination proceeding litigated appellant’s commission of the
actions of failing to support the child in accordance with his ability and knowingly engaging in
criminal conduct causing his conviction, confinement and inability to care for the child, as well as the issue
whether termination of the parent-child relationship with appellant was in the
child’s best interest.  Like in O’Connor, we find the termination
proceeding raised again, between the same parties, issues of the child’s best
interest and other aspects of the relationship between appellant and his son
that were in controversy in the 2002 divorce. 
See In re Wilhite,
298 S.W.3d at 760 (distinguishing O’Connor
by characterizing it as “a continuing dispute between the same plaintiff and
same defendant over a series of lawsuits concerning the exact same subject,
such as custody of the same child”). 


One
might argue that termination of parental rights and the litigation of child
custody and support provisions on divorce are fundamentally different
proceedings involving differing standards and issues.  But the Supreme Court rejected a similar
argument in O’Connor, holding that
the differing standards and burdens of proof under the chapter of the Family
Code governing original custody determinations and the chapter governing
modification proceedings did not mean that the two proceedings could not
involve the same matter in controversy for purposes of disqualification.  92 S.W.3d at 449-450.   

We
find the trial judge was disqualified from hearing the termination proceeding
on the ground set forth by appellant.  We
sustain appellant’s first issue and reverse the judgment of the trial
court.  The matter is remanded to the
trial court.  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 











[1]
Appellant
presents seven other appellate issues. 
Because his issue asserting the trial judge’s disqualification is
dispositive, we do not address his remaining issues.  Tex. R. App. P. 47.1.





[2]Although not a
dispositive factor, we note the termination proceeding was filed in the same
cause number, 2002-517,897.

 





[3]
The clerk’s
record contains the docket sheet for cause number 2002-517,897, also listing Natalio Hernandez as attorney for the mother.

 





[4]
See Tex. R. App. P. 38.1(g) (so providing).  We also take judicial notice that Governor
Rick Perry appointed Judge Reyes as judge of the 72nd District Court
on March 9, 2006, and that he was a member of Hurley, Reyes & Guinn at that
time.  Tex. Register
Vol. 31, No. 13; available at http://governor.state.tx.us/news/appointment/3069.





[5]  See Tex. Family Code Ann. § 161.001 (Vernon 2009)
(listing grounds for termination of parental rights).