NO. 07-09-00320-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 23, 2010

IN THE INTEREST OF D.C., JR., A CHILD

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,897; HONORABLE RUBEN GONZALES REYES, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This is a private termination proceeding, in which the parental rights of the father of D.C., Jr. were terminated on the petition of the child's mother. Appearing *pro se,* the father appeals. Making the claim for the first time,[1] he contends on appeal the trial judge who heard the termination proceeding was disqualified. We agree, and will reverse the trial court's judgment.

Background

D.C., Jr. was born to appellant and the child's mother in November 2001. The couple divorced in December 2002, in cause number 2002-517,897 in the 72nd District

---

[1] Appellant presents seven other appellate issues. Because his issue asserting the trial judge's disqualification is dispositive, we do not address his remaining issues. Tex. R. App. P. 47.1.

Court, Lubbock County.  In April 2009, the mother filed an original petition to terminate appellant's rights to D.C., Jr.[2]  The case was tried to the bench in August 2009 before the Honorable Ruben G. Reyes, presiding judge of the 72nd District Court.

The clerk's record before us contains the decree from the parties' divorce, signed by an assigned judge on December 16, 2002.  The decree recites that the mother was represented by attorney Natalio Hernandez.[3]  The decree contains attorney Hernandez's signature, approving the decree's form as attorney for the mother.  By his address, attorney Hernandez is shown as practicing with the Lubbock law firm of Hurley, Reyes & Guinn.  The statement of facts in appellant's appellate brief contains the statement of appellant's "understanding that judge Ruben Reyes was part of this law firm."  The mother has not contradicted the statement, and we accept it as true.[4]

Appellant was incarcerated in the Institutional Division of the Texas Department of Criminal Justice during the pendency of the termination proceeding, and at the time it was tried.  He acted *pro se* at trial, appearing by telephone.

In September 2009, after trial of the termination proceeding, Judge Reyes signed the order terminating appellant's parental rights.  The order contains the court's findings that appellant failed to support D.C., Jr. in accordance with his ability during a period of

---

[2]Although not a dispositive factor, we note the termination proceeding was filed in the same cause number, 2002-517,897.

[3] The clerk's record contains the docket sheet for cause number 2002-517,897, also listing Natalio Hernandez as attorney for the mother.

[4] *See* Tex. R. App. P. 38.1(g) (so providing).  We also take judicial notice that Governor Rick Perry appointed Judge Reyes as judge of the 72nd District Court on March 9, 2006, and that he was a member of Hurley, Reyes & Guinn at that time.  Tex. Register Vol. 31, No. 13; *available at* http://governor.state.tx.us/news/appointment/3069.

one year ending within six months of the date of the filing of the petition; and knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed; and the court's finding that termination of the parent-child relationship was in the best interest of the child.[5]

## Analysis

In his brief, appellant confuses recusal of a judge with disqualification. *See In re Wilhite,* 298 S.W.3d 754, 760 (Tex.App.—Houston [1st Dist.] 2009) (orig. proceeding) (en banc) (distinguishing the two). But his argument, at least in part, clearly presents the complaint that Judge Reyes was disqualified from hearing the termination proceeding by virtue of the mother's representation in the 2002 divorce by a lawyer associated with the law firm of which Judge Reyes also then was a part. Appellant cites and quotes from Rule 18b(1) of the Rules of Civil Procedure. That rule disqualifies judges from proceedings in which they have served as a lawyer "in the matter in controversy," and disqualifies judges from those in which "a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter." Tex. R. Civ. P. 18b(1)(a); *see* Tex. Const. art. V, § 11 (stating "[n]o judge shall sit in any case . . . when the judge shall have been counsel in the case").

We agree with the mother's contention that appellant did nothing to make Judge Reyes aware of the potentially disqualifying circumstance. *See* Tex. R. Civ. P. 18a (providing for motion stating grounds why judge should not sit in case). But the law is

---

[5] See Tex. Family Code Ann. § 161.001 (Vernon 2009) (listing grounds for termination of parental rights).

clear that, unlike statutory recusal, disqualification cannot be waived, and may be raised at any time. *McElwee v. McElwee*, 911 S.W.2d 182, 186 (Tex. App.--Houston [1st Dist.] 1995) (orig. proceeding); *see Tesco Am., Inc. v. Strong Indus.,* 221 S.W.3d 550, 555 (Tex. 2006) (appellate judge disqualified); *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218, 221-22 (1947) (consanguinity disqualification). Appellant may raise the issue of the trial judge's disqualification for the first time on appeal.

We note also that nothing suggests Judge Reyes actually was aware of his associate's former involvement in the 2002 divorce proceeding. But the judge's actual knowledge of disqualifying events under Rule 18b(1)(a) is irrelevant. *See Tesco Am.,* 221 S.W.3d at 550; *In re Wilhite,* 298 S.W.3d 754

Under the language of Rule 18b(1)(a), Judge Reyes is disqualified from the termination proceeding if it involves the same "matter in controversy" as the divorce in which attorney Hernandez represented the mother. *See In re O'Connor,* 92 S.W.3d 446, 449 (Tex. 2002) (orig. proceeding) (per curiam). We conclude that it does.

Like this case, *O'Connor* involved Family Code proceedings. There, the Texas Supreme Court granted mandamus relief requiring disqualification of a trial court judge from presiding over a modification proceeding because his law partner represented the wife when temporary orders were entered some years before. 92 S.W.3d at 447. Even though the terms the wife sought to modify were those contained in a later agreed divorce decree, not those contained in the temporary orders, the Supreme Court found that the modification proceeding raised again the matters of custody, visitation and right to determine the child's residence that were resolved by the temporary orders.

4

Accordingly, the court concluded that the divorce action and the modification proceeding involved the same matter in controversy, requiring the judge's disqualification. *Id.* at 449.

Here, in the part of the divorce decree dealing with the parent-child relationship, the court named the mother as sole managing conservator and appellant as possessory conservator. The court found that appellant had a history or pattern of committing family violence but found that his access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child. It ordered supervised visitation rights for appellant, ordered appellant to pay child support and enjoined appellant from injurious or threatening actions toward the mother.

As noted, the termination proceeding litigated appellant's commission of the actions of failing to support the child in accordance with his ability and knowingly engaging in criminal conduct causing his conviction, confinement and inability to care for the child, as well as the issue whether termination of the parent-child relationship with appellant was in the child's best interest. Like in *O'Connor*, we find the termination proceeding raised again, between the same parties, issues of the child's best interest and other aspects of the relationship between appellant and his son that were in controversy in the 2002 divorce. *See In re Wilhite,* 298 S.W.3d at 760 (distinguishing *O'Connor* by characterizing it as "a continuing dispute between the same plaintiff and same defendant over a series of lawsuits concerning the exact same subject, such as custody of the same child").

5

One might argue that termination of parental rights and the litigation of child custody and support provisions on divorce are fundamentally different proceedings involving differing standards and issues. But the Supreme Court rejected a similar argument in *O'Connor*, holding that the differing standards and burdens of proof under the chapter of the Family Code governing original custody determinations and the chapter governing modification proceedings did not mean that the two proceedings could not involve the same matter in controversy for purposes of disqualification. 92 S.W.3d at 449-450.

We find the trial judge was disqualified from hearing the termination proceeding on the ground set forth by appellant. We sustain appellant's first issue and reverse the judgment of the trial court. The matter is remanded to the trial court.

James T. Campbell
Justice

6