

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00147-CV
_____

IN THE INTEREST OF L.M.B., A CHILD

_____

On Appeal from the County Court at Law Number 3
Lubbock County, Texas
Trial Court No. 2012-501,599, Honorable John A. Didway, Presiding

_____

September 17, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

In this parental-rights termination case brought by appellee the Texas Department of Family and Protective Services, appellants the mother and father, who appear pro se by their own intention, filed a notice of appeal after the trial court signed a final order terminating their rights to L.M.B.[1] According to the final order, the mother and father were each properly notified of the final hearing but did not appear. At the mother's request,

---

[1] To protect the privacy of the child, we identify the parents and child in the manner we have. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b)(2).

findings of fact and conclusions of law were filed and the father's motion for new trial was overruled by order of May 23, 2019.[2]  We will affirm the final order of the trial court.

## Procedural Background

Because this case presents the unusual occurrence of parents proceeding pro se against the Department in the appeal of a final order terminating their parental rights, we describe in some detail the procedural background relevant to the issues presented and our disposition.

In June 2012, the mother and father were divorced by decree of Lubbock County Court at Law Number Three in cause number 2012-501,599.  In November 2017, on the motion of the Office of Attorney General (OAG), the trial court conducted a hearing concerning the father's child support obligation under the decree.  It confirmed a child support arrearage of $480.13, ordered the father to repay the arrearage by monthly payments of $25.00, and reduced the father's current child support to $190 monthly.

One of five assistant attorneys general listed on the order was Kelley Tesch.  Beneath the names of the five attorneys appeared the wording "Attorney of Record."  The clerk's record also contains a notice of hearing filed in that proceeding on December 13, 2018, which listed Kelley Tesch and six other attorneys with the OAG's Child Support Division.  The same wording appeared beneath the names of those attorneys.  At some

---

[2] In the final order, and in separately filed findings of fact and conclusions of law requested by the mother and father, the trial court found termination of the mother and father's parental rights was in the best interest of L.M.B. and the mother and father had each violated Family Code subsection 161.001(b)(1)(D), (E), and (O).  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D),(E), and (O) (West Supp. 2018).  On appeal, the mother and father have not argued error relating to the sufficiency of the evidence supporting the trial court's predicate ground and best-interest findings.  As noted below, they chose not to bring forward a transcription of testimony from the final hearing.

point, Tesch was appointed an associate judge for Lubbock County and handled certain pretrial judicial matters in the Department's termination suit. In the trial court and here, the mother and father complain that Judge Tesch was disqualified from presiding over any portion of the Department's case against them because of her role as an attorney in the OAG's child support case.

In early 2018, the mother and L.M.B. lived in Ballinger, Runnels County, Texas, while the father lived in Lubbock County. Following a report of endangering conduct by the mother, on April 5, 2018, the 119th District Court of Runnels County rendered an order under Family Code section 262.102, entitled "Order for Protection of a Child in an Emergency and Notice of Hearing." The order named the Department sole managing conservator of L.M.B. Also on April 5, the Department filed its original petition for protection of a child, conservatorship, and termination in the 119th District Court. The April 5 order was extended by an order of April 10. An associate judge of the 119th District Court conducted an adversary hearing on April 17 pursuant to Family Code section 262.201 and on April 23 signed an order appointing the Department L.M.B.'s temporary managing conservator.

In a motion filed in the 119th District Court on June 18, 2018, the Department requested transfer of its suit against the mother and father from Runnels County to Lubbock County Court at Law Number Three, the court of continuing exclusive jurisdiction.[3] The transfer was granted by order signed the following day and the

---

[3] *See* TEX. FAM. CODE ANN § 155.001(a),(c) (West Supp. 2018) ("[A] court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order. . . . If a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child. . . .").

Department's case was filed in County Court at Law Number Three under cause number 2012-501,599.

Initially in the trial court the mother and father each had appointed counsel. According to a docket sheet entry of April 10, 2018, the associate judge of the 119th District Court "reviewed affidavit of indigence and heard evidence of indigence and appointed Ben Clayton" attorney for the mother. The duration of Clayton's appointment is not shown but thereafter Amanda W. Kraynok was appointed attorney for the mother. On October 8, 2018, Kraynok was permitted to withdraw from the representation and Lezlie D. Olibas was appointed attorney for the mother. Olibas was permitted to withdraw by order of October 17. The clerk's record contains a document filed pro se by the mother on October 15, 2018, which provides in part, "There is no Tacit Agreement to allow any other man or woman, acting as attorney, to represent me. Any authority previously authorized by any administrator of the court is hereby null and void. Any appointment of said power of attorney is revoked, canceled and terminated as of this 9 day of October 2018."

On July 23, 2018, Judge Tesch appointed an attorney for the father under Family Code section 107.013 and by order of September 19, 2018, permitted that attorney to withdraw. A permanency hearing order of the same date records the father "indicated his intent to represent himself in this case." At the February 15, 2019 permanency hearing the mother and father each declined court-appointed counsel.

Final hearing of the Department's case for termination of parental rights was tried to the bench on April 5, 2019. The Honorable John A. Didway, Judge of the 121st District Court, sitting by assignment after the voluntary recusal of the court's presiding judge,

4

presided. As noted, the mother and father did not appear. Judge Didway signed a final order terminating both parents' parental rights on April 9. The mother and father each signed a timely-filed pro se notice of appeal.

In a document filed pro se in the trial court on May 7, 2019, the mother declared she was not indigent, could afford court costs, and wished to represent herself. In a July 1 letter to the clerk of this court the father stated, "I did not file an Affidavit of Indigence in the Trial Court and I do not consider myself to be indigent in this Court."

The mother and father did not make arrangements to pay for preparation of the reporter's record.[4] By letter of May 30, 2019, we directed them to make acceptable payment arrangements by June 10. The letter also reminded the mother and father of their ability to seek a free record if indigent.

On June 12, a reporter's record was filed consisting of the master index volume, a transcription of the February 15, 2019 permanency hearing, and the exhibits volume from the final hearing. Contemporaneously, the reporter notified the clerk of this court that the mother and father requested preparation only of these portions of the record.

The mother and father jointly filed a pro se appellant's brief on July 12. After reviewing the brief we notified the mother and father by letter that the appellate record did not appear to support the issues through which they assigned error. Particularly, four of their six issues concerned sufficiency of the evidence supporting aspects of the final order. Yet, a transcription of the final hearing testimony, we further noted, was not

---

[4] Although appearing pro se, the mother and father have electronically filed all documents submitted to this court.

5

included in the reporter's record. On our own motion, we granted the mother and father the option of supplementing the reporter's record by August 1.

In a motion filed on July 31, the mother and father *inter alia* stated, "Upon further examination, the Appellants wish to proceed without the transcripts and move to file an amended appeal, narrowing down relevant issues to the true points on appeal." Accompanying the motion was an amended brief. By letter of August 2, we granted leave to file the amended brief and ordered appellants' July 12 brief struck. The Department filed its brief on August 22.

Analysis

First Issue

In their first issue the mother and father complain the associate judge of the 119th District Court erred by issuing the April 5 order, naming the Department sole managing conservator of L.M.B. According to the mother and father, the order is void because it was obtained "by way of fraud due to false allegations by a government employee."

Because a final order terminating the parental rights of the mother and father was subsequently rendered, their complaint about the April 5 temporary order is moot. *See In re J.D.S.,* 494 S.W.3d 387, 389 (Tex. App.—Waco 2015, no pet.) (stating "a temporary order which makes findings to support removal under Family Code section 262.201(b) is superseded by the entry of a final order of termination" and concluding "[o]nce a termination proceeding has progressed to a final hearing and the parental rights ordered terminated, the initial removal of the child from the parent is rendered moot"); *L.F. v. Dep't of Family & Protective Servs.,* Nos. 01-10-01148-CV, 01-10-01149-CV, 2012 Tex. App. LEXIS 3481, at *37-38 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. denied) (mem.

op.) (holding mother's appellate argument that order authorizing emergency removal of children was not supported by sufficient evidence was misplaced because final order terminating her parental rights was later entered thus rendering her complaint of the temporary order authorizing emergency removal of the children moot); *see also In re A.K.,* 487 S.W.3d 679, 683 (Tex. App.—San Antonio 2016, no pet.) (holding appellate complaint of aggravated circumstances finding made in temporary order was rendered moot by entry of final order terminating parental rights). The mother and father's objection to the April 5 order is overruled.

The mother and father's argument under their first issue continues through multifarious[5] allegations concerning the plan of services prepared for each by the Department.[6] We find these complaints also were rendered moot by the final order.

Moreover, we are not shown that these complaints were timely presented to the trial court by hearing or submission and an adverse ruling obtained. Proper preservation of trial court error for appellate review requires the action or omission alleged as error be presented to the trial court by a timely request, objection, or motion specifying the action

---

[5] A multifarious issue addresses more than one specific ground of error. *Shull v. United Parcel Service,* 4 S.W.3d 46, 51 (Tex. App.—San Antonio 1999, pet. denied). A court may refuse to review a multifarious issue or it may consider the issue if it is able, with reasonable certainty, to determine the complained-of error. *Id.*

[6] The mother and father's complaints include: the family service plans were based on the Department's fraud; the trial court ordered the mother and father to comply with their respective family service plan even though each plan did not conform to Department policy; unspecified orders of the trial court and the family service plans failed to meet the specificity requirements of Family Code subsection 161.001(b)(1)(O); revised family service plans for the mother and father contained errors and "fabricated bases for the services" were added; enforcement of the family service plans amounted to the enforcement of unconscionable contracts and violated the mother and father's rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution; and the trial court erred by failing to correct errors in the family service plans after the mother and father filed several objections to the plans.

the trial court is requested to take, or to forebear from taking, and an adverse ruling must be obtained. *Grudzien v. State,* No. 07-03-0097-CR, 2004 Tex. App. LEXIS 41, at *2-3 (Tex. App.—Amarillo Jan. 6, 2004, pet. ref'd) (mem. op., not designated for publication) (citing TEX. R. APP. P. 33.1(a)). This rule ensures the trial court has an opportunity to correct its mistakes at the most convenient and appropriate time. *Id.*

The mother and father's objections concerning their respective plans of services are overruled.

*Disqualification of Associate Judge Tesch*

The mother and father's argument under issue one concludes with the claim that Judge Tesch formerly served as a lawyer in the case for the OAG and was therefore disqualified to preside over any portion of the Department's case. According to the mother and father, any orders signed by Judge Tesch are void, if not otherwise rendered void by the Department's alleged fraud.

The mother and father's objections to Judge Tesch and demand for her disqualification were heard on April 2, 2019, by an assigned, active district judge, the Honorable William C. Sowder, Judge of the 99th District Court of Lubbock County. Judge Sowder ruled that Judge Tesch was not disqualified and was properly authorized to sit as associate judge in the case. Findings of fact and conclusions of law from the hearing were neither requested nor filed and the mother and father have not brought forward a record of the hearing.

We review a trial court's decision to deny a motion to disqualify a trial court judge for abuse of discretion. *Parker v. Cain,* No. 07-17-00211-CV, 2018 Tex. App. LEXIS 8387, at *3 (Tex. App.—Amarillo Oct. 15, 2018, no pet.) (mem. op.). A trial court abuses

8

its decision if its decision is arbitrary or unreasonable. *Id.* (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex. 1985)).

Article V, section 11 of the Texas Constitution provides in part that "No judge shall sit in any case . . . when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11. In like manner, Rule of Civil Procedure 18b(1)(a) provides a judge shall disqualify herself in all proceedings in which she has served as a lawyer in the matter in controversy. TEX. R. CIV. P. 18b(1)(a). "By its own terms, rule 18b(1)(a) is not limited to disqualifying a trial judge only when the 'same lawsuit' is involved. Rather, in plain language, rule 18b(1)(a) requires disqualification when the same 'matter in controversy' is involved." *In re O'Connor,* 92 S.W.3d 446, 449 (Tex. 2002) (orig. proceeding) (per curiam). "[A] judge is disqualified when two prongs are met: first, the judge or the judge's law firm was the attorney for a party in the case, and second, the matter before the judge is the same matter that was before the judge or judge's law firm." *In re Wilhite,* 298 S.W.3d 754, 758 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding). "[A]ny orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect." *In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding).

The determinative question then is whether the OAG's proceeding to collect delinquent child support from the father, and modify the support obligation and the Department's suit to terminate the mother and father's parental rights present the same "matter in controversy." If so, then all orders signed by Judge Tesch are void. In the child support proceeding, the OAG provided child support services for the mother as obligee of the father's obligation to pay child support. The matter in issue was the father's support obligation and not questions of conservatorship, visitation, and the right to establish L.M.B.'s primary residence. The Department's case began in Runnels County with a

9

report of endangering conduct by the mother. The OAG was never a party to the Department's suit and the Department was not a party to the child support proceeding. Because a final hearing record was not brought forward we know not what evidence the Department relied on to prove predicate and best interest grounds for termination but it seems unlikely the father's 2017 less-than-$500 child support arrearage was of any significance to the Department's case-in-chief.

We found a trial judge disqualified from presiding over a private termination proceeding brought by a child's mother against the father. *In re D.C.,* No. 07-09-00320-CV, 2010 Tex. App. LEXIS 7825 (Tex. App.—Amarillo Sep. 23, 2010, no pet.). Previously, before the judge took the bench, an attorney at his firm represented that mother in her divorce from the child's father. The divorce proceeding concerned issues of conservatorship, support, visitation, and the right to determine the child's primary residence. In the ongoing family law matter the mother subsequently sued the father to terminate the parent-child relationship based on the father's inability to support D.C. and criminal conduct resulting in his incarceration. Applying *O'Connor*, we held "the termination proceeding raised again, between the same parties, issues of the child's best interest and other aspects of the relationship between [the father] and his son that were in controversy in [the divorce proceeding]." 2010 Tex. App. LEXIS at *7. Accordingly, we found the two proceedings involved the same matter in controversy.

While the best interest of L.M.B. would have been involved in both the OAG's child-support enforcement proceeding against the father, and the Department's suit to terminate the parental rights of both parents, and both proceedings were adjudicated under the same Lubbock County cause number, we do not find them sufficiently similar to say they involved the same matter in controversy. Having no record of the evidence

10

offered before Judge Sowder, or the testimonial record in the termination proceeding, we will not conclude Judge Sowder erred in failing to find Judge Tesch disqualified to sign the pretrial orders in this case.

The mother and father's first issue is overruled.

Second Issue

Under their second issue, as with their first issue, the mother and father present a multifarious assortment of complaints.

First, the mother and father complain that at the April 17, 2018 adversary hearing the associate judge of the 119th District Court erred by failing to place L.M.B. with the father. *See* TEX. FAM. CODE ANN. § 262.201(n) (West 2019) (providing for child's placement with noncustodial parent following removal from custodial parent if appropriate unless not in best interest of child). The temporary order of which the mother and father here complain was rendered moot by the final order terminating the parents' parental rights. The mother and father's first complaint under their second issue is overruled.

Second, the mother and father complain that the associate judge of the 119th District Court erred by failing to render an order on visitation that complied with Family Code section 263.109(b)(1),(2). *See* TEX. FAM. CODE ANN. § 263.109(b)(1),(2) (West 2019) (providing "If the court finds that visitation between a child and a parent is not in the child's best interest, the court shall render an order that: (1) states the reasons for finding that visitation is not in the child's best interest; and (2) outlines specific steps the parent must take to be allowed to have visitation with the child"). This temporary order was also rendered moot by the final order. The mother and father's second complaint under their second issue is overruled.

11

Third, the mother and father present a cluster of sub-issues beneath the complaint that the trial court abused its discretion "by administering the mother and father's rights on their behalf."[7]

An appellate court has no duty to brief issues for an appellant. *Huey v. Huey,* 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Appellate Rule 38.1 specifies the required contents of the appellant's brief. *See* TEX. R. APP. P. 38.1. Among other things, the brief must "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). The failure to provide appropriate record citations or a substantive analysis waives an appellate issue. *WorldPeace v. Comm'n for Lawyer Discipline,* 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding appellant's failure to offer argument, citations to record, or citations to authority waived issue on appeal); *Huey,* 200 S.W.3d at 854. This portion of the mother and father's brief is so deficiently briefed that we conclude the complaints are waived.

Moreover, without the assistance of proper briefing by appellants, that is relevant cases and authorities, accurate record citations, a complete record, and a clear and

---

[7] The sub-issues, presented without citation to record or case authority and without cogent analysis are: (1) the trial court "invoked the parents' rights and filed an Order For a Jury Trial . . . without motion when the parents had not filed a written request Pursuant to TEX. R. CIV. P. 216(a)"; (2) the trial court "waiv[ed] the parents' rights in granting the Department's Motion for Preferential Setting for the parents' requested De Novo Hearing of February 15, 2019 and did so in a manner that was deceptive and denied the parents the ability to prepare questions or witnesses"; (3) "[t]he De Novo hearing . . . was held as a trial proceeding, whereby the Civil District Attorney, representing the Department, called CASA Coordinator, CASA employee, and CPS Caseworker to the stand to answer questions under oath. After the CPS caseworker and CASA Coordinator took the stand, the parents were deprived of the right to be heard. The court did not allow [mother] to enter new evidence"; and (4) "[i]n the Pre-trial hearing moved by the Department Court granted the Department's motions on the parents' motions, denying the parents' first in time, first in right, and denying parents access to the court and the right to be heard."

concise argument we are unable to discern how the trial court committed errors, much less errors of such magnitude that they probably caused the rendition of an erroneous final order terminating the parental rights of the mother and father or probably prevented the mother and father from properly presenting their case on appeal. *See* TEX. R. APP. P. 44.1(a),(b). The mother and father's third complaint under their second issue is overruled.

Fourth, the mother and father argue the mother filed a motion for sanctions for discovery abuse which the trial court "ignored." The mother alleged her former attorney served the Department written discovery on August 30, 2018. Responses were not served until December 7, 2018, and were inadequate. The mother sought the trial court's order requiring the Department to "comply with rules and issue sanctions accordingly." Her complaint was reiterated in a document filed March 8, 2019. Judge Sowder overruled the mother's discovery complaint by order of April 2. We have no record of that hearing. Moreover, even could it be said that Judge Sowder abused his discretion by failing to grant some unspecified sanction, the record does not show how that probably caused rendition of an erroneous termination order or probably prevented the mother and father from adequately presenting their case on appeal. TEX. R. APP. P. 44.1(a),(b). Indeed, the mother and father chose not to appear for the final hearing and also chose not to present a testimonial record of the final hearing on appeal. The mother and father's fourth complaint under their second issue is overruled.

Fifth, the mother and father complain the trial court erred by failing to strike the intervention of J.G. and A.G. According to the mother and father the intervenors lacked standing under the statutory basis alleged, Family Code section 102.004(b). TEX. FAM.

CODE ANN. § 102.004(b) (West 2019). The mother's objection to intervention was overruled by order of Judge Sowder on April 2.

Subsection 102.004(b) provides:

> [T]he court may grant a grandparent or other person . . . deemed by the court to have had substantial past contact with the child leave to intervene in a pending suit filed by a person authorized to do so under this chapter if there is satisfactory proof to the court that appointment of a parent as a sole managing conservator or both parents as joint managing conservators would significantly impair the child's physical health or emotional development.

TEX. FAM. CODE ANN. § 102.004(b).

We review a trial court's order denying a motion to strike a plea in intervention for abuse of discretion. *In re S.V.,* No. 05-18-00037-CV, 2019 Tex. App. LEXIS 948, at *14 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.); *In re N.L.G.,* 238 S.W.3d 828, 831 (Tex. App.—Fort Worth 2007, no pet.). As noted, a trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Downer,* 701 S.W.2d at 241-42 (Tex. 1985).

The specific complaint of the mother and father here seems to be the intervenors lacked "substantial past contact" with L.M.B. What constitutes "substantial past contact" is a question specific to the facts of each case. *Mauldin v. Clements,* 428 S.W.3d 247, 262–266 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Thus, for example, in *In re N.L.G.,* 238 S.W.3d at 830–831 the trial court heard the mother's motion to strike the intervention of foster parents. The child had lived with the foster parents for over a year, the foster parents were emotionally attached to the child, and they had decided to adopt if the mother's parental rights were terminated. The appellate court was unable to say the trial court abused its discretion by deciding the foster parents had substantial past

14

contact with the child. We have no record of the hearing on the mother's complaint and accordingly are uninformed what evidence Judge Sowder considered in reaching his decision. It appears from the clerk's record that as early as May 3, 2018, L.M.B. was in the custody of intervenors. On the record presented, we are unable to say Judge Sowder abused his discretion in refusing to strike their intervention. The mother and father's fifth complaint under their second issue is overruled.

Sixth, the mother and father complain they did not have sufficient notice that the Department intended to allege they violated predicate grounds (D), (E), and (O) until the final order was signed. We find no indication this complaint was preserved for our review by proper presentation to the trial court followed by an adverse ruling. Therefore it is waived. TEX. R. APP. P. 33.1(a).

Moreover, even if preserved the complaint has no merit. The Department's live petition was filed on April 5, 2018, and served on the mother and father less than a week later. The pleading alleged the mother violated six predicate grounds and the father five. Among the grounds each allegedly violated were subsections (D), (E), and (O). Rule 45(b) of the Texas Rules of Civil Procedure provides that pleadings shall "consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense." TEX. R. CIV. P. 45(b).

We find the mother and father were afforded timely, fair notice of the Department's allegation that they each violated predicate grounds (D), (E), and (O). The mother and father's sixth complaint under their second issue is overruled.

Seventh, the mother and father complain the findings of fact and conclusions of law filed by the trial court following final hearing were inadequate and the court failed to

15

file additional or amended findings of fact and conclusions of law despite the request of the mother and father.

The purpose of findings of fact is to discover the grounds the trial court found supported the judgment and to avoid presumed findings "on all grounds raised by the pleading and proof." *Tex. Outfitters, Ltd., LLC v. Nicholson,* 534 S.W.3d 65, 74 (Tex. App.—San Antonio 2017) (citing 4 Roy W. McDonald & Elaine A. Grafton Carlson, TEXAS CIVIL PRACTICE, at 11 (2d ed. 2001))*, aff'd,* 572 S.W.3d 647 (Tex. 2019). As noted, the mother and father chose not to challenge on appeal the sufficiency of the evidence supporting the final order. Moreover, they did not bring forward a testimonial record of the final hearing. We accordingly find the mother and father waived any complaint of the sufficiency of the court's findings and conclusions and its failure to make additional or amended findings and conclusions. The mother and father's seventh complaint under their second issue is overruled.

## Conclusion

Having overruled each of the mother and father's issues, we affirm the final order of the trial court. Any pending motion is denied.

James T. Campbell
Justice

16